IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-00-2092-L |
| ) | |
| TOMMY D. DAVENPORT, et al., ) | |
| ) | |
| Defendants. ) | |

## O R D E R

On December 19, 2000, plaintiff filed this action to reduce tax assessments for tax years 1990 through 1993 to judgment and to foreclose federal tax liens against real property held by defendants Tommy D. and Linda Jean Davenport ("Davenports"). On October 18, 2005, the court entered partial summary judgment in favor of plaintiff, holding that the Internal Revenue Service ("IRS") lien for tax year 1990 attached to the property at issue in this case on April 18, 1994. Thereafter, this matter was tried to the court without a jury and on December 28, 2005, the court issued its Memorandum Opinion. The court found:

> (1) the Davenports are entitled to exclude $43,642.25 from income due to the FDIC's cancellation of debt in 1990; (2) the Davenports' cancellation of indebtedness income in 1990 is $442,449.77; (3) the cancellation of debt income constitutes ordinary, not capital, income; (4) the Davenports are entitled to a worthless stock deduction in 1990 in the amount stated in their return; (5) the Davenports are entitled to elect a filing status of married jointly for tax years 1992 and 1993; and (6) the Davenports'

>transfer of the property subject to the IRS tax liens was fraudulent.

United States v. Davenport, Case No. CIV-00-2092-L, slip op. at 18 (W.D. Okla. Dec. 28, 2005) [hereinafter cited as "Mem. Op."].  The court directed plaintiff to submit a proposed judgment that incorporated the court's trial rulings, the entry of default as to defendants PL Trust, Pond Trust, T&J Trust, TD Trust, the default of defendant Patsy Payne, and the parties' pre-trial settlement of certain issues.  Id. at 18-19.  On January 31, 2006, plaintiff filed a Motion to Enter Judgment, noting that the parties had been unable to stipulate to entry of the proposed judgment given Defendants' Motion to Abate Accuracy-Related Penalty, Delinquency Penalty, and Interest.

The proposed judgment includes amounts for delinquency penalties for tax years 1990, 1992, and 1993 and an accuracy-related penalty for tax year 1990.  The Davenports challenge imposition of the 1990 penalties.  Section 6662 of the Tax Code provides for application an accuracy-related penalty "to the portion of any underpayment which is attributable to" negligence or a substantial understatement of tax liability.  26 U.S.C. § 6662(b)(1), (2).  Negligence "includes any failure to make a reasonable attempt to comply with the provisions" of the Tax Code.  26 U.S.C. § 6662(c).  A substantial understatement of tax liability occurs if the amount of the understatement exceeds ten percent of the tax owed or $5,000.  26 U.S.C. § 6662(d)(1)(A).  The Davenports, relying on 26 U.S.C. § 6664(c), argue they are not liable for the accuracy-related penalty because they relied in good faith on a

competent tax adviser to prepare their 1990 return.  Section 6664(c) provides that "[n]o penalty shall be imposed under this part with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion."  26 U.S.C. § 6664(c).  "Reliance on professional advice can, in certain circumstances, provide a defense to a negligence penalty.  However, reliance on such advice must be reasonable."  Van Scoten v. Commissioner, 439 F.3d 1243, 1253 (10th Cir. 2006) (citations omitted).  Moreover, the Commissioner's determination of negligence is presumed correct; the Davenports thus have the burden of proving the penalty is inapplicable.  *See* id. at 1252.

The court finds the Davenports have not met their burden.  First, they have not established that the underpayment was attributable to negligence rather than lack of substantiation.  Second, they have not demonstrated that the information given to their accountant was reliable.  Moreover, it is undisputed that the underpayment was directly attributed to the Davenports' substantial understatement of income tax due.  On their 1990 return, the Davenports reported a total tax of $2,156.00.  Plaintiffs' Exhibit 41 at 2.  Based on the court's Memorandum Opinion, however, the Davenports actually owe $86,435.00 in income taxes for 1990.  There can be no dispute that the Davenports understated their tax liability by more than $5,000. Their motion to abate the accuracy-related penalty must thus be denied.

Likewise the court denies the Davenports' motion to abate the delinquency penalty imposed for 1990. Section 6651(a)(3) provides for imposition of a penalty for failure to pay the amount shown on a notice and demand for payment of an assessed tax "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". 26 U.S.C. § 6651(a)(3). To avoid imposition of the delinquency penalty, the Davenports must establish not only reasonable cause for their failure to pay, but also the absence of willful neglect. The Davenports argue Mrs. Davenport's temporary disability due to an automobile accident and the deaths of their parents establish reasonable cause for their failure to pay the assessment. During this same period of time, however, the Davenports had no problem sending tax protestor correspondence to the IRS, revoking all previous income tax returns, and establishing fraudulent trusts to avoid their income tax liabilities. Mem. Op. at 3, 14-15. These actions demonstrate the Davenports' willful neglect, which is defined as "'a conscious, intentional failure or reckless indifference.'" In re Craddock, 149 F.3d 1249, 1255 (10th Cir. 1998) (*quoting* United States v. Boyle, 469 U.S. 241, 245 (1985)). Thus, the Davenports have failed to demonstrate that imposition of the delinquency penalty is not warranted.

Finally, the Davenports ask the court to abate the interest assessed during the time period February 5, 1996 to December 19, 2000 because plaintiff waited more than four years after issuance of the assessments to bring this action. Section 6404 of the Internal Revenue Code authorizes the Secretary of the Treasury to abate

4

interest "attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act". 26 U.S.C. § 6404(e)(1) (1986). In 1996, this section of the Code was amended in two respects by the Taxpayer Bill of Rights II. First, the word "unreasonable" was added before "error or delay". Second, "ministerial act" was changed to read "ministerial or managerial act". In addition to these minor changes, the 1996 amendments added § 6404(h), which provides:

> The Tax Court shall have jurisdiction over any action brought by a taxpayer who meets the requirements referred to in section 7430(c)(4)(A)(ii) to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion, and may order an abatement, if such action is brought within 180 days after the date of the mailing of the Secretary's final determination not to abate such interest.

26 U.S.C. § 6404(h)(1). Section 6404(h)(1) applies to any request for abatement submitted to the IRS after the effective date of the 1996 amendments, and thus arguably applies to the Davenports' claim in this case.[1] Prior to enactment of this section, Tenth Circuit law provided that district courts had subject matter jurisdiction over abatement requests, but that judicial review was precluded because the abatement decision was committed to the Secretary's sole discretion. Selman v. United States, 941 F.2d 1060, 1064 (10th Cir. 1991). The Federal Circuit recently

---

[1]The record does not reflect whether the Davenports requested the Secretary abate the interest at issue and the court doubts whether such a request can be made to the court in the first instance. Nonetheless, because the Davenports' claim clearly fails for lack of jurisdiction, the court assumes without deciding that the Davenports have properly brought their request.

held that by enacting § 6404(h), "Congress intended to grant the Tax Court exclusive jurisdiction over interest abatement claims, and thus withdrew subject matter jurisdiction from all other courts over those claims." Hinck v. United States, 446 F.3d 1307, 1315 (Fed. Cir. 2006).  Based on this ruling, the court finds that it lacks subject matter jurisdiction over the Davenports' interest abatement claim.

In their response to the government's motion to enter judgment, the Davenports do not dispute the government's calculations of the tax, penalty, and interest due and owing.  Rather, the Davenports seek application of a net operating loss adjustment in 1990 and recalculation of their net worth based on their 1990 tax liability.  The court rejects both arguments.  First, there was no evidence presented regarding the amount of the alleged net operating loss.  Second, under the Code provisions in effect at the time, any net operating loss would have been carried back first to tax year 1988, not to 1990 as alleged by the Davenports.  *See* 26 U.S.C. § 172(b)(2); United States v. Shaltry, 232 F.3d 1046, 1048 (9th Cir. 2000), *cert. denied*, 534 U.S. 814 (2001).  Finally, defendants' argument that their net worth as of March 21, 1990 should be lowered by their 1990 tax liability is without merit.  The Davenports' 1990 tax liability did not arise until December 31, 1990 and therefore could not have affected their net worth more than nine months earlier.

In sum, Defendants' Motion to Abate Accuracy-Related Penalty, Delinquency Penalty, and Interest (Doc. No. 164) is DENIED.  The United States' Motion to Enter

Judgment (Doc. No. 166) is GRANTED.  Defendants' request that the court stay execution of the foreclosure judgment for a period of thirty days is DENIED.

It is so ordered this 5th day of June, 2006.

_____
TIM LEONARD
United States District Judge